**Paul YOUNG, Plaintiff,**

v.

**ALL ERECTION & CRANE RENTAL, CORP., Dawes Rigging & Crane Rental, Inc., Defendants.**

**No. A4–04–15.**

United States District Court, D. North Dakota, Northwestern Division.

Nov. 15, 2005.

Rockne W. Onstad, Onstad Law Firm, Austin, TX, for Plaintiff.

Patrick W. Durick, Pearce & Durick, Bismarck, ND, M. Daniel Vogel, Vogel Law Firm, Fargo, ND, Joel A. Flom, Jeffries, Olson & Flom, P.A., Moorhead, MN, C. Nicholas Vogel, for Defendants.

ORDER DENYING DEFENDANTS'
MOTION TO EXCLUDE OPINION
TESTIMONY

HOVLAND, Chief Judge.

I. BACKGROUND

On September 14, 2005, defendants All Erection & Crane Rental, Corp. and Dawes Rigging & Crane Rental Inc. filed a motion in limine seeking to exclude certain testimony of expert witnesses Dennis Eckstine, Barry Closson, and Alan Fritsch. The testimony sought to be excluded relates to opinions concerning the issue of whether the crawler tracks of the Manitowoc 2250 crane were improperly adjusted which resulted in injuries to the plaintiff, Paul Young. Young was injured when he was struck by the free end of a tread string of shoes from a Manitowoc 2250 crawler crane that separated while the crane was in operation. The defendants contended that the testimony does not meet the Daubert standard for reliability because none of the experts could state, to a reasonable degree of certainty, that there was an improper adjustment to the track that led to the failure.

On October 3, 2005, the plaintiff submitted a response in resistance to the motion in limine. See Plaintiff's Response to Motion to Preclude Opinion testimony of Eckstine, Closson, and Fritsch Regarding Improper Track Adjustment (Docket No. 77). On October 12, 2005, the defendants filed a reply brief (Docket No. 81). The defendants contend that although each of the expert witnesses initially expressed opinions in their written reports that the track was improperly adjusted, when deposed each expert conceded that they could not state to a reasonable degree of certainty that the tracks were improperly adjusted.

This case is scheduled for a jury trial to commence on January 9, 2006, in Bismarck, North Dakota. All claims against defendants Manitowoc Company, Inc. and Maynard Steel Casting Company were dis-

missed on November 2, 2005, as per a stipulation of the parties (Docket No. 86).

II. LEGAL DISCUSSION

▮▮ Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony and provides as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Rule 702 requires the trial judge to act as a "gatekeeper" and admit expert testimony only if it is relevant and reliable. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In Daubert, the Supreme Court charged trial courts with the responsibility of screening such testimony for reliability by assessing the expert's reasoning and methodology. *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296 (8th Cir.1996). The trial court is granted broad discretion in its determination of reliability. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). However, the gatekeeper role should not invade the province of the jury whose job it is to decide issues of credibility and to determine the weight to be accorded such evidence. See *Arkwright Mut. Ins. Co. v. Gwinner Oil Co.*, 125 F.3d 1176, 1183 (8th Cir.1997). Expert testimony should be admitted if it is based on sufficient facts, it "is the product of reliable principles and methods," and "the witness has applied the

principles and methods reliably to the facts of the case." Fed.R.Evid. 702; see *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

■ The Eighth Circuit has set forth three prerequisites that must be met in order for expert testimony to be admitted under Rule 702.

First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, "the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires...."

*Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir.2001) (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.02[3] (2001)).

In the well-known case of *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that the "general acceptance" standard articulated in Frye was "not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but the Rules of Evidence—especially Rule 702—do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469. The Supreme Court has also held that the principles set forth in Daubert apply to all expert testimony. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ("We conclude that Daubert's general holding—setting forth the trial judge's general 'gatekeeping' obligation—applies

not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."); accord *Jaurequi v. Carter Manufacturing Co. Inc.*, 173 F.3d 1076, 1082 (8th Cir.1999).

■ In this case, the defendants do not dispute that the three expert witnesses (Eckstine, Closson, and Fritsch) are qualified to render opinions with respect to whether the crawler tracks of the Manitowoc 2250 crane were improperly adjusted. All of the expert witnesses are mechanical engineers and each has an extensive background and experience dealing with cranes and crane safety. The defendants also acknowledge that the proposed expert testimony is based on technical or specialized knowledge that would be useful to the finder of fact in deciding the factual issues in dispute. The gist of the defendants' motion centers on the third prong of the analysis, namely, whether the proposed evidence is "reliable" in light of the fact that the expert witnesses have allegedly offered conflicting opinions. The Court has carefully reviewed the entire record, and particularly the lengthy written reports of each expert witness as well as their discovery depositions. A review of the reports and depositions, in their entirety, provides context to the proffered opinions.

The Court does not believe that the alleged conflict or contradiction in the written reports of the experts and their depositions renders the testimony "unreliable" as contemplated under Rule 702. Each witness is a qualified expert who provided a detailed summary of his opinions and an explanation concerning the factual basis for the proffered opinion(s). As the Supreme Court emphasized in *Daubert*, 509 U.S. at 595–596, 113 S.Ct. 2786, "Vigorous cross-examination, presentation of contrary evidence, and careful in-

struction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." The Court's gatekeeper role should not invade the province of the jury whose job it is to decide issues of credibility and to determine the weight to be accorded such evidence. The trial court's role as a gatekeeper is not intended to serve as a replacement for the adversary system.

In summary, the expert opinions of Dennis Eckstine, Barry Closson, and Alan Fritsch will be admissible at trial. Each of the witnesses are admittedly qualified crane safety specialists whose testimony is based on technical or specialized knowledge of assistance to the jury in resolving disputed factual issues at trial. The proposed evidence is "reliable" for purposes of Rule 702. Each expert has provided a detailed summary of his opinions and an explanation as to the factual basis for the opinions. The appropriate means of attacking each expert's opinions is through cross-examination and the presentation of contrary evidence. The Court will exercise its discretion and will refrain from a wholesale rejection of the expert testimony. Thus, the Court DENIES the defendants' Motion to Exclude Opinion Testimony (Docket No. 68).

IT IS SO ORDERED.